The Honorable John Threet Prosecuting Attorney Fourth Judicial District
280 North College Avenue, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
I am writing in response to your request for my opinion on the following question:
 Does a county collector have the discretion to accept or refuse to accept partial payment of delinquent personal property taxes; in particular delinquent business personal property taxes?
As background for your request, you offer the following summary of one of my predecessor's opinions:
 In Opinion No. 90-040A, then Attorney General, Steve Clark, stated that as a general matter, the Collector may refuse to accept partial payment on delinquent personal property tax; there being the implication that the Collector could choose to accept partial payment of these taxes.
RESPONSE
In my opinion, the answer to your question is "no." *Page 2 
In Ark. Op. Att'y Gen. No. 2003-177, one of my predecessors responded as follows to an inquiry regarding whether a county tax collector is "precluded from accepting a partial payment of delinquent [personal] taxes":
 In Ark. Ops. Att'y Gen. Nos. 90-040, 90-040A, 94-143 and 96-006, various of my predecessors opined that the collector could not accept partial payment of delinquent taxes. Although A.C.A. § 26-35-501, as amended by Act 295 of 2003, authorizes the initial
payment of taxes in installments, the Code contains no parallel provision for the partial payment of delinquent taxes. In my opinion, then, the collector is not authorized to accept any such partial payment, regardless of whether the lien would continue to attach.
(Emphases in original.) Each of the referenced opinion relies upon the principle set forth in notes 1 of Opinions 90-040 and 90-040A pointing out that the Arkansas Code contemplates only the payment ofinitial property tax payments in installments.[1] It remains the case that the Code contains no provision authorizing the payment of delinquent property taxes in installments.
In Opinions Nos. 90-040 and 90-040A, my predecessor opined: "As a general matter, . . . it must be concluded that the collector may refuse to accept partial payment on delinquent taxes." You appear to be asking whether my predecessor's use of the term "may" in this language supports the proposition that a collector has the discretion to accept partial payment of delinquent taxes. In interpreting these previous opinions, neither my predecessors nor I now have proven even remotely inclined to adopt any such interpretation of the language just quoted. When read in context, Opinions Nos. 90-040 and 90-040A are totally unambiguous in pointing out the installment-payment option available to discharge an initial tax obligation is not available with respect to a delinquent tax obligation. In my opinion, this reading of the law was accurate in 1990 and remains so today. *Page 3 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JHD/cyh
[1] This provision is currently codified at A.C.A. § 26-35-50(a)(2) (Supp. 2009). *Page 1